UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**RICHARD JEFFREY KINT, #467741,**

      **Petitioner,**

v.                                                Case No. 2:05-CV-74822-DT
                                               Honorable Bernard A. Friedman
                                               Magistrate Judge R. Steven Whalen

**SHERRY BURT,**

      **Respondent.**
_____

### OPINION & ORDER SUMMARILY DISMISSING
### PETITION FOR WRIT OF HABEAS CORPUS

**I. Introduction**

This matter is before the Court on Respondent's "Motion to Dismiss" relative to Petitioner's *pro se* request for writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner, Richard Jeffrey Kint, is presently confined at the Florence Crane Facility in Coldwater, Michigan. He is challenging two separate convictions in his habeas petition. His first conviction was for arson of a dwelling house, in violation of MCL §750.72, for which he was sentenced to a term of five to twenty years imprisonment. Petitioner's second conviction was for assaulting a jail employee, in violation of MCL §750.197c, for which he was sentenced to a consecutive term of one year, eleven months to four years.

Respondent states in her dismissal motion that Petitioner has failed to exhaust his state court remedies and as a result has filed a mixed petition with this Court. Accordingly, it is Respondent's position that this matter should be dismissed without prejudice on lack of exhaustion grounds. Petitioner filed an "Answer to Motion to Dismiss" and acknowledged his failure to comply with the

exhaustion requirements. However, Petitioner argues that he is indigent and he lacks legal skills. As a result Petitioner argues that he should be excused from exhausting his state court remedies in this case. Alternatively, Petitioner contends that he should be permitted to "clean up any errors in the petition" without the matter being dismissed. *(Answer to Motion to Dismiss, dated 7/5/06, pg. 2)*.

For the reasons stated below, the Court finds that Petitioner's habeas petition must be dismissed without prejudice because he has failed to exhaust his state court remedies in this matter.

## II. <u>Discussion</u>

### A. Exhaustion of State Remedies Standard

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. O'*Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir.1994). Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts using citations to the United States Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.1993). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on petitioner's claims." *Rust v. Dent*, 17 F.3d at 160. A petitioner must present each ground to both appellate courts. *Welch v. Burke*, 49 F.Supp.2d 992, 998 (E.D.Mich.1999); see also *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir.1990).

Federal courts will not review a habeas corpus petition when a state prisoner has not first presented his or her claims to the state courts and exhausted all state court remedies available to him

or to her. *Rogers v. Howes*, 144 F.3d 990, 992 (6th Cir.1998). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. See *Foster v. Withrow*, 159 F.Supp.2d 629, 638 (E.D.Mich.2001).

**B. Application of the Law & Analysis**

In Petitioner's arson case, his ineffective assistance of appellate counsel claim and his assertion that the trial court erred in its scoring for Petitioner's Offense Variable 13 were issues that were not presented before the Michigan Court of Appeals. These issues were raised for the first time to the Michigan Supreme Court. In Petitioner's assault case, he failed to present to the Michigan Court of Appeals the issue of competency and his ineffective assistance of counsel claim relative to the attorney's failure to raise the issue of Petitioner's alleged lack of competence. These issues were also raised for the first time before the Michigan Supreme Court.

Although the Petitioner claims ignorance of the law as his reason for not exhausting his state court remedies and requests that the Court waive the exhaustion requirement in this case, the fact still remains that Petitioner has not exhausted four of his habeas claims with the Michigan Court of Appeals. "Nonetheless, despite Petitioner's position, case law provides that ignorance of the law does not constitute good cause of failing to exhaust state court remedies." *Webber v. Birkett*, 06-CV-13878, 2006 WL 2844151 (E.D. Mich. Sept. 29, 2006)(Rosen, J). "Moreover, the Sixth Circuit has recognized that ignorance of the law does not excuse prompt filing." *Id.,* citing, *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004). Therefore, Petitioner's failure to exhaust each of his state court

remedies deprives this Court of jurisdiction to preside over this matter and requires the dismissal of this case.[1]

The Court, however, is cognizant of the statute of limitations issue the Petitioner faces. Petitioner received a ruling from the Michigan Supreme Court relative to his arson case and assault case on October 13, 2005 and October 31, 2005, respectively. Petitioner is then allowed a ninety day period of time in which to file an appeal with the United States Supreme Court. *Isham v. Randle*, 226 F.3d 69, 694-95 (6th Cir. 2000). Therefore, Petitioner's limitations period began to run ninety days after October 13, 2005 and October 31, 2005 (i.e., January 13, 2006 and January 31, 2006). It is at that point that the one year statutory period for filing a habeas petition would have begun to run, which expired January 13, 2007 and January 31, 2007. *28 U.S.C. §2244(d)(1)*. Since Petitioner was diligent in pursuing his habeas rights by filing his petition only two months after the Michigan Supreme Court decision; and because his case was pending in this Court during and after the limitations period, the Court finds that equitable tolling[2] is appropriate in this matter.

---

[1] Although, the Petitioner does not specifically make the argument, he suggests that the Court stay the matter and hold it in abeyance while he "clear[s] up any errors in the petition." *(Answer to Motion to Dismiss, dated 7/5/06, pg. 2)*. A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust the claims and that the unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). The only explanation Petitioner offers regarding his failure to exhaust his state court remedies is his lack of legal training and indigency status. As previously stated, ignorance of the law is not a justifiable basis for failing to fulfill the exhaustion requirements in habeas cases. Accordingly, Petitioner has failed to demonstrate good cause and as a result the Court will not stay the matter.

[2] Five factors are relevant to determining the appropriateness of equitably tolling a statute of limitations: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of

Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. *Graham-Humphreys v. Memphis Brooks Museum, Inc.,* 209 F.3d 552, 560-61 (6th Cir. 2000). Petitioner was not in a position to exhaust his state court remedies until the Court rendered a decision on Respondent's "Motion to Dismiss." Since this matter was still pending with this Court during and after the limitations period, Petitioner's inability to timely exhaust his state court remedies was due to circumstances beyond his control. See *United States v. Patterson,* 211 F.3d 927, 931 (5th Cir. 2000).

Therefore, the Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from the date Petitioner filed his petition, December 20, 2005, until Petitioner returns to federal court. This tolling of the limitations period is conditioned upon Petitioner pursuing his state remedies within **sixty days** of this Court's Order and returning to federal court within **sixty days** of exhausting his state remedies. See *Hargrove v. Brigano*, 300 F.3d at 718, 721(2002).

### III. Conclusion

For the reasons stated above, **IT IS ORDERED** that Respondent's "Motion to Dismiss" [Doc. #10, filed June 27, 2006]is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's "Application for Writ of Habeas Corpus under 28 U.S.C. §2254" [Doc. #1, filed December 20, 2005] is **DISMISSED WITHOUT PREJUDICE.**

---

the legal requirement for filing his claim. *Dunlap v. United States,* 250 F.3d 1001, 1004 (6th Cir. 2001).

5

**IT IS FURTHER ORDERED** that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) shall be tolled from December 20, 2005, until the time Petitioner returns to federal court to pursue habeas relief, provided that: (i) Petitioner presents his unexhausted claim(s) to the state court within **sixty days** from the date of this Order and (ii) Petitioner returns to this Court to pursue habeas corpus relief within **sixty days** of exhausting state court remedies.

_____s/Bernard A. Friedman_____
HONORABLE   BERNARD   A.   FRIEDMAN
UNITED STATES DISTRICT COURT

Dated:____March 9, 2007____